## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM DAVID CALLAIS,     )
       Petitioner,        )     **Civil Action No. 10-95 Erie**
                         )
      v.                )
                         )     **Magistrate Judge Susan Paradise Baxter**
ARCHIE B. LONGLEY,       )
       Respondent.     )

### OPINION AND ORDER[1]

Presently before the Court is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by federal prisoner William David Callais. [ECF No. 1]. For the reasons set forth below, the petition is dismissed because Callais' claim is not cognizable under § 2241.

### I.

On August 9, 2000, Callais was sentenced in the U.S. District Court for the District of Minnesota to a 140 month term of imprisonment with a five year term of supervised release to follow for Possession With Intent to Distribute Cocaine, and Conspiracy to Possess With Intent to Distribute Cocaine. Almost three years later, on April 28, 2003, he was sentenced in the same court to a 77 month term of imprisonment with a three year term of supervised release to follow for Assault of a Federal Officer, in violation of 18 U.S.C. §§ 111(a) and 111(b). His aggregated federal sentence is 217 months in length, and his projected release date at the present time is November 28, 2015.

The Bureau of Prisons (the "BOP") has designated Callais to the Federal Correctional Institution ("FCI") McKean, which is located in Bradford, Pennsylvania. In his petition for a writ of habeas corpus,

---

[1]     In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

Callais alleges that FCI McKean is overcrowded and that the "cells are not large enough to house 3

people, per B.O.P. policy." [ECF No. 1 at 4]. As relief, he seeks an order from this Court directing

FCI McKean "to remove the 3rd bunk from all cells that have one and let the Bureau of Prisons know

that this is not acceptable." [ECF No. 1 at 10]. Respondent (the Warden of FCI McKean), has filed his

Answer [ECF No. 11], to which Callais has filed a Reply [ECF No. 12].

## II.

Respondent contends that the petition must be dismissed because Callais' claim is not cognizable

under 28 U.S.C. § 2241. The Court agrees.

Section 2241 is the statute under which a federal prisoner challenges *the execution of his or her*

*sentence*. In contrast, a federal prisoner must raise *challenges to prison conditions* in an action filed

pursuant to Bivens v. Six Unknown Names Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

See generally Brian R. Means, FEDERAL HABEAS MANUAL § 1:29 (July 2011). "[A]s some courts have

observed, 'the precise meaning of 'execution of the sentence' is hazy.'" Id., quoting Woodall v. Fed.

Bureau of Prisons, 432 F.3d 235, 242 (3d Cir. 2005). The U.S. Court of Appeals for the Third Circuit

recently addressed the issued and provided clarification:

> The "core" habeas corpus action is a prisoner challenging the authority of the entity
> detaining him to do so, usually on the ground that his predicate sentence or conviction is
> improper or invalid. See Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002). Title 28,
> section 2241 of the United States Code "confers habeas jurisdiction to hear the petition of
> a federal prisoner who is challenging not the validity but the execution of his sentence."
> Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). See also Woodall v. Fed. Bureau of
> Prisons, 432 F.3d 235, 241 (3d Cir. 2005). For instance, the habeas petitioner in Woodall
> challenged a Bureau of Prisons regulation that capped his end-of-sentence time in a
> halfway house at ten percent of his total sentence (there, eleven weeks); the judgment had
> specified that the petitioner would spend six months in such a facility. We observed that
> "[c]arrying out a sentence through detention in a [halfway house] is very different from
> carrying out a sentence in an ordinary penal institution," and therefore concluded that
> "Woodall's petition crosses the line beyond a challenge to, for example, a garden variety

prison transfer." 432 F.3d at 243.  That qualitative difference was sufficient to mark Woodall's challenge as one that went to the "execution" of his sentence, and that was thus cognizable under § 2241.  Id.

In contrast, *"when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, [a civil rights] action under § 1983 [or Bivens] is appropriate."*  Leamer, 288 F.3d at 542.  That is, the fact that a civil rights claim is filed by a prisoner rather than by an unincarcerated individual does not turn a § 1983 case or a Bivens action into a habeas petition.  This is true even where the complained-of condition of confinement creates, as a secondary effect, the possibility that the plaintiff will serve a longer prison term than that to which he would otherwise have been subject.  The petitioner in Leamer was a state prisoner whose behavioral problems had led to his placement on "Restricted Activities Program" status, which barred him from attending therapy sessions that were a condition precedent to his parole eligibility.  We concluded that, even though a ruling in the petitioner's favor would have assisted him in obtaining parole eligibility and thus a shorter prison stint, the action was "aimed at a condition of his confinement."  Id. at 543.  Where the petition is couched as a challenge to the duration of a prisoner's sentence, we held, "[t]he operative test ... is not whether Learner would, if successful, be able to appear before the Parole Board.  It is whether a favorable determination of Learner's challenge would necessarily imply that he would serve a shorter sentence...."  Id.  *Taking Woodall and Leamer together, the question to be asked is whether granting the petition would "necessarily imply" a change to the fact, duration, or execution of the petitioner's sentence.*

McGee v. Martinez, 627 F.3d 933, 935-36 (3d Cir. 2010) (emphasis added).

McGee's federal sentence imposed a term of imprisonment and a $10,000 fine.  The judgment imposing the sentence instructed that "[p]ayment [of the fine] is to be made from prison earnings at a rate of $20.00 per month[.]"  Id. at 934.  While at FCI McKean, McGee agreed to pay a minimum of $25 per quarter toward his fine pursuant to the IFRP, 28 C.F.R. §§ 545.10, 545.11.  Id. at 934-35.  He subsequently was transferred to another institution.  There, he began on the same $25 per quarter IFRP plan for the payment of his fine, but after several months he was asked to increase the payments to $75 per quarter.  He refused to agree to the increase and was placed on "IFRP refusal status," which, among other things, limited his commissary spending to $25 per month.

The issue before the Third Circuit Court was whether McGee could maintain his suit under

§ 2241 or whether he had to re-file it as a civil rights action under Bivens.  Id. at 934.  In holding that

McGee could proceed under § 2241, the court explained:

> [T]he goal of the IFRP is to achieve compliance with a provision of each convict's
> criminal judgment – namely, the timely payment of whatever sum the court has ordered
> him to pay.  Through the IFRP, then, the Bureau of Prisons is "putting into effect" and
> "carrying out" the fine portion of McGee's sentence.  The IFRP is therefore part of the
> Bureau's means of "executing" the sentence, and McGee's lawsuit challenging the legality
> of the IFRP and his placement in "refusal" status sounds in habeas.

Id. at 936.  Having already stressed that challenges to "unconstitutional conditions of confinement," are

not habeas claims and must be raised in a Bivens or § 1983 action, the Third Circuit Court noted:

> While McGee's briefing invokes the phrase "unconstitutional conditions of confinement,"
> the complained-of conditions have been imposed as a means of enforcing a financial
> obligation that is part of his sentence.  He has not challenged, say, the denial of kosher
> meals – though we suppose that if he had been denied kosher meals because he refused to
> pay his fine in accordance with the IFRP, he might have a habeas cause of action.  In
> other words, McGee's petition should not be conceptualized as a direct challenge to the
> various "conditions of confinement" that have been inflicted upon him.  The core of the
> petition is the claim that the "imposition of [IFRP] restrictions ... is a sanction that
> violates the terms of petitioner McGee's criminal Judgment," and a demand that "the
> Bureau of Prisons vacate its decision to place McGee in [IFRP] refusal status."  The
> petition is, at bottom, a challenge to the IFRP and its requirement that McGee pay $75
> per quarter when his sentence (i) requires only $20 per month (i.e. $60 per quarter), and
> (ii) specifically directs that such payments be made out of his prison earnings (which
> allegedly come to substantially less than $75 per quarter).  The Warden acknowledges
> that "[i]f McGee was challenging who could set the payment plan for his criminal fine –
> the sentencing court or the [Bureau of Prisons] under the IFRP – the Government would
> concede that habeas corpus is the proper way for him to proceed."  This is in fact what
> McGee has done:  he argues that the payment terms imposed by the Bureau (in the IFRP)
> are illegal in that they conflict with the terms imposed by the sentencing court (in the
> judgment).  If the IFRP's payment requirement is illegal, then so are McGee's placement
> in refusal status and the restrictions that come with it.  The imposition of those
> restrictions is a means of enforcing the payment schedule, and they will disappear if
> McGee wins and is placed on (and complies with) a new schedule.
>
> - - -

The IFRP Payment schedule and the sanctions imposed for noncompliance are part of the execution of McGee's sentence.  Accordingly we hold that the claim that they are illegal and invalid falls under the rubric of a § 2241 habeas petition.

Id. at 936-37.

In this case, the granting of petition *would not* "necessarily imply" a change to the fact, duration, or execution of Callais' sentence.  Callais is challenging his conditions of confinement.  Therefore, his claim is not cognizable under § 2241 and the petition is dismissed.[2]

## III.

For the reasons set forth above, the petition for a writ of habeas corpus is dismissed.  An appropriate Order follows.

/s/ Susan Paradise Baxter

Dated: January 12, 2012
SUSAN PARADISE BAXTER
United States Magistrate Judge

---

[2]  Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253 (as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition.  Federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement.  United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

**WILLIAM DAVID CALLAIS,**          )
          **Petitioner,**          )          **Civil Action No. 10-95 Erie**
                              )
          **v.**                    )
                              )          **Magistrate Judge Susan Paradise Baxter**
**ARCHIE B. LONGLEY,**              )
          **Respondent.**          )

## ORDER

AND NOW, this 12th day of January, 2012;

IT IS HEREBY ORDERED that the petition for a writ of habeas corpus is DISMISSED.  The

Clerk of Courts is directed to close this case.


/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge